**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| PATRICIA MEDINA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. EP-17-CV-00320-DCG |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
|     Defendant. | § | |

## WAL-MART'S MOTION FOR SUMMARY JUDGMENT

1. This Motion for Summary Judgment is filed under Federal Rule of Civil Procedure 56.

### I. FACTUAL BACKGROUND

2. While shopping at Wal-Mart, Plaintiff allegedly "slipped on [a] wet [restroom] floor."[1] She claims she "tried to maintain her balance," but "fell awkwardly and violently onto the floor,"[2] allegedly injuring her head, neck, and mid-back.[3]

3. Before falling, Plaintiff didn't notice anything on the restroom floor.[4] She didn't see any water there and would've been cautious if she had: "I could not see [water on the floor]. If I would have seen it, I would have been cautious of it."[5]

4. Plaintiff doesn't know how water got on the floor[6] or how long it had been there.[7]

5. When Assistant Manager Mitchell Williams arrived at the scene, Plaintiff was lying on

---

[1] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 7.

[2] *Id.* at ¶ 8.

[3] Exh. A, Plaintiff's Deposition, P. 4, L. 12-14 ("Q. Tell me about the injuries you suffered as a result of the fall. A. In my head, my neck, and my back"); P. 8, L. 6-8 ("Q. What part of your back hurt?....A. It was like in the middle").

[4] *Id.*, P. 19, L. 7-9 ("Q. …[D]id you notice anything on the floor? A. No").

[5] *Id.*, P. 21, L. 24-25.

[6] *Id.*, P. 22, L. 10-11 ("Q. Do you know how the water got to the floor? A. No").

[7] *Id.*, P. 22, L. 12-14 ("Q. Do you know how long the water was on the floor? A. No").

the floor,[8] unable to speak.[9] Williams observed her to undergo what appeared to be a seizure,[10] signs of which included shaking[11] and convulsions.[12] Plaintiff ultimately lost consciousness[13] and was transported by EMS to the ER.[14] She spent 3 days in the ICU.[15]

6.  Plaintiff's prior medical conditions include sleep apnea,[16] lung issues,[17] heart issues,[18] mid-back issues,[19] lupus,[20] arthritis,[21] and diabetes.[22] She had been classified as 100% disabled many years before the Wal-Mart incident.[23] Plaintiff's prior accidents include two car accidents,[24] a prior fall at Wal-Mart,[25] at least one fall at home, and possibly other falls.[26]

---

[8] Exh. B, Deposition of Mitchell Williams, P. 69, L. 11-12 ("She was lying on the floor between the sink and the stalls").

[9] *Id.*, P. 69, L. 21-22 ("Q. Was she able to talk to you? A. No").

[10] *Id.*, P. 79, L. 23-24 ("Q. Did she eventually appear to have a seizure? A. Yes").

[11] *Id.*, P. 92, L. 4-7 ("Q. …[S]he was convulsing, correct? A. Yes. Q. Shaking, correct? A. Yes").

[12] *Id.*

[13] *Id.*, P. 70, L. 9-12 ("Q. How long after you arrived until she lost consciousness? A. I'm not sure. I would say a couple of minutes maybe").

[14] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 8.

[15] *Id.*

[16] Exh. A, Plaintiff's Deposition, P. 11, L. 17-18; P. 12, L. 3-4.

[17] *Id.*, P. 11, L. 9-12.

[18] *Id.*, P. 12, L. 21-25.

[19] *Id.*, P. 16, L. 13-16 ("Q. Prior to the accident at Walmart, did you have any problem with your middle back? A. No. I had it before").

[20] *Id.*, P. 12, L. 6.

[21] *Id.*, P. 11, L. 1-2.

[22] *Id.*, P. 11, L. 3-5.

[23] *Id.*, P. 25, L. 19-23 ("Q. Are you disabled…? A. Yes…. Q. Since what year? A. Like, ten years"); P. 26, L. 10-12 (disability is 100%).

[24] *Id.*, P. 15, L. 15-20.

[25] *Id.*, P. 14, L. 7-9.

7.  Plaintiff claims that after the incident at Wal-Mart, she, among other things, became forgetful,[27] unable to climb stairs,[28] unable to drive (except in an emergency),[29] and unable to be among a lot of people.[30] She also claims she "cannot stay too much time up"[31] and "[t]he light hurts [her]."[32]

## II. ARGUMENT

### A. Legal Standard and Elements of Claims

#### 1. Legal Standard for Summary Judgment

8.  Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

9.  In moving for summary judgment, a defendant may either: (a) "submit evidentiary documents that negate the existence of some material element of the [plaintiff]'s claim," or (b) "demonstrate that the evidence in the record insufficiently supports an essential

---

[26] *Id.*, P. 14, L. 22—P. 15, L. 14 ("Q. Any other slip and falls that you've had…? .... A. At my house, one of my feet folded….I fractured my ankle….Q. Any other falls that you may have been involved in? A. No. I don't know. I can't remember").

[27] *Id.*, P. 26, L. 25—P. 27, L. 3 ("Q. What else can't you do today that you could do before the accident? A. Concentrate better. I'm forgetting things. I suffer of like memory loss").

[28] *Id.*, P. 27, L. 7-8 ("My house is a two-story home. I would go up and down, and I cannot do that anymore").

[29] *Id.*, P. 27, L. 14-16 ("Q. Do you still drive? A. No, unless it's like an emergency, a really big emergency").

[30] *Id.*, P. 27, L. 18-19 ("I cannot be among a lot of people").

[31] *Id.*, P. 26, L. 13-17 ("Q. What can't you do today that you could do before the accident?....A. I cannot stay too much time up. The light hurts me").

[32] *Id*.

element."[33] Thus, while the absence of a material fact dispute must be demonstrated, a defendant need not negate any element of the plaintiff's claim.[34]

10. If the defendant satisfies its burden, the plaintiff cannot rely on mere allegations, but rather must "identify specific evidence in the record and articulate the manner in which that evidence supports [its] claim."[35] Further, the plaintiff must identify a factual dispute that is both *genuine* and *material*—that is: (a) which involves more than "metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence,"[36] and (b) which could affect the outcome of the case.[37]

11. Neither "improbable inferences" nor "unsupported speculation" are competent evidence.[38]

12. In addition, "circumstantial evidence from which equally plausible but opposite

---

[33] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 634 (S.D. Tex. 2007) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)). *See also* Fed. R. Civ. P. 56(c)(1)(A), (B).

[34] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 634 (S.D. Tex. 2007) (*citing Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005)).

[35] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 635 (S.D. Tex. 2007) (*citing Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 302 (5th Cir. 2004)).

[36] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 635 (S.D. Tex. 2007) (*citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 (5th Cir.1994)). *See also Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir. 1998) ("[A]ffidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment") (*citing Orthopedic & Sports Injury Clinic v. Wang Lab*, 922 F.2d 220, 225 (5th Cir. 1991)).

[37] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 634 (S.D. Tex. 2007) ("An issue is material if its resolution could affect the outcome of the action").

[38] *See Hydradyne v. Power Eng'g and Manuf'g*, No. 3:09-CV-1577-L, 2011 WL 1514997, *3 (N.D. Tex. Apr. 20, 2011) ("[I]mprobable inferences[] and unsupported speculation are not competent summary judgment evidence") (*citing Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994)); *Bush v. Johnson*, No. 3:13–CV–2200–D, 2015 WL 4522914, *8 (N.D. Tex. July 27, 2015) ("This evidence, however, is conclusory and speculative, and it cannot alone defeat [a] motion for summary judgment").

inferences may be drawn is speculative and thus legally insufficient."[39]

13. Summary judgment is required if, "after adequate time for discovery," the plaintiff fails to "make a showing sufficient to establish the existence of an element essential to [the] case."[40]

### 2. Elements of Premises Defect Claim

14. For a plaintiff invitee,[41] the elements of a premises defect claim are:

    a. The premises owner must have actual or constructive knowledge of a condition on the premises;

    b. The condition must pose an unreasonable risk of harm;

    c. The owner must not have exercised reasonable care to reduce or eliminate the risk; and

    d. The owner's failure to use reasonable care must be the proximate cause of the plaintiff's injury.[42]

---

[39] *See Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (applying equal inference rule in constructive knowledge premises case); *University of Texas at El Paso v. Muro*, 341 S.W.3d 1, 5-6 (Tex. App.—El Paso 2009, no pet.) (applying rule in actual knowledge premises case); *De Los Santos v. Kroger*, No. 3:14–CV–3086–G, 2015 WL 3504878, *6 (N.D. Tex. June 3, 2015) (same). *See also, e.g., Armendariz v. Wal-Mart*, 2018 U.S. App. Lexis 7265, *5 (5th Cir. 2018) ("[W]here circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all") (quotation marks omitted); *Kitchens v. Johnson*, 190 F.3d 698, 705 (5th Cir. 1999) ("Kitchens has not demonstrated actual prejudice….It is possible, of course, that a fact-based argument…may have been more effective than a simple plea for mercy. Yet, it is equally possible that such evidence would have only served to inflame the jury. Accordingly, we find insufficient evidence of actual prejudice").

[40] *Straus v. Dvc Worldwide*, 484 F.Supp.2d 620, 635 (S.D. Tex. 2007) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[41] *See* ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 9 ("Plaintiff was Defendant's business invitee"); *Estrada v. Kroger Texas, L.P.*, No. 4:11–CV–1200, 2012 WL 4017994, *2 (S.D. Tex. Sept. 12, 2012) ("As a customer, [Plaintiff] was an invitee").

[42] *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 216-17 (Tex. 2015) (citing *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

15. Regarding element (a), where it is not shown that the owner actually knew of a premises condition, constructive knowledge can be established only by showing that the condition lasted long enough that it would have been discovered by reasonable inspection.[43]

16. Further, the evidence must establish that "it is *more likely than not* that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition."[44] Thus, evidence which "supports only the *possibility* that the dangerous condition existed [for the requisite period]" is insufficient.[45] Although harsh and demanding, the time-notice rule for proving constructive knowledge in premises cases is well-established.[46]

17. Regarding how much time must pass without inspection before an owner may be charged with constructive knowledge, "only minutes" has been held too little.[47] More specifically, it has been held that "[a] dangerous condition that has existed for forty-five

---

[43] *CMH Homes v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000) ("In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it by reasonable inspection"); *see also Wal-Mart v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) ("The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence").

[44] *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (emphasis added).

[45] *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (emphasis added).

[46] *See Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) ("This rule, while harsh and demanding on plaintiffs, is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it") (*citing Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex. Civ. App.—El Paso 1954, writ dism'd w.o.j.).

[47] *Kimbell v. Roberson*, 570 S.W.2d 587, 590 (Tex. Civ. App.—Tyler 1978, no writ) (holding that grocery cart track marks were not evidence of constructive notice because the track marks could have been made "only minutes or even seconds" before the plaintiff fell).

minutes or less has been considered to be legally insufficient to show constructive knowledge."[48]

18. Texas courts have repeatedly emphasized that premises owners are not insurers or guarantors of safety.[49] Thus, when a premises injury occurs, the owner is not strictly liable.[50]

19. Further, Texas courts recognize that almost always something more could have been done to prevent an injury, e.g., from slipping on the floor or being struck by an article falling off a shelf.[51] A premises condition is not unreasonably dangerous simply because it is not foolproof.[52]

20. In addition, Texas courts have carefully avoided imposing liability on premises owners for the carelessness of others over whom they have no control.[53]

    3. Elements of Punitive Damages Claim

21. Punitive damages cannot be based on ordinary negligence;[54] rather, there must be clear

---

[48] *Garcia v. Ross Stores*, 896 F.Supp.2d 575, 580 (S.D. Tex. 2012).

[49] *See, e.g., CMH Homes v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (*citing Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) and *McElhenny v. Thielepape*, 285 S.W.2d 940, 941 (Tex. 1956)); *see also Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex. Civ. App.—El Paso 1954, writ dism'd w.o.j.) ("It is accepted doctrine now that the storekeeper is not an insurer").

[50] *CMH Homes v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) ("[A] premises owner or occupier is not strictly liable for defects on its premises"); *see also id.* at 102 ("We reiterate that premises owners are not strictly liable for conditions that result in injury").

[51] *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

[52] *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

[53] *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (*citing Wal-Mart v. Reece*, 81 S.W.3d 812, 815-16 (Tex. 2002)).

[54] Tex. Civ. Prac. & Rem. Code § 41.003(b).

and convincing evidence of: (a) fraud; (b) malice; or (c) gross negligence.[55]

22. "Fraud" involves "dishonesty of purpose or intent to deceive."[56]

23. "Malice" means "a specific intent…to cause substantial injury or harm to the claimant."[57]

24. "Gross negligence" means "an act or omission: (a) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."[58]

25. A corporation is liable for punitive damages "only if it (a) authorizes or ratifies an agent's malice, (b) maliciously hires an unfit agent, or (c) acts with malice through a vice principal."[59]

26. "Vice principal" includes "four classes of corporate agents: (a) corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of non-delegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of

---

[55] Tex. Civ. Prac. & Rem. Code § 41.003(a).

[56] *Bank One, Texas v. Stewart*, 967 S.W.2d 419, 444 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (defining "actual fraud"). *See also* Tex. Civ. Prac. & Rem. Code § 41.001(6) ("'Fraud' means fraud other than constructive fraud").

[57] Tex. Civ. Prac. & Rem. Code § 41.001(7).

[58] Tex. Civ. Prac. & Rem. Code § 41.001(11).

[59] *Qwest Intern. Commun. v. AT&T Corp.*, 167 S.W.3d 324, 326 (Tex. 2005).

his business."[60]

### B. Application and Analysis

27. Summary judgment is required because, after adequate time for discovery, there is no evidence of certain elements of Plaintiff's claims.

#### 1. Adequate Time for Discovery has Passed

28. Discovery ended on August 1, 2018.[61] Thus, there has been adequate time for discovery.

#### 2. No Premises Defect Claim

*a. No Evidence of Actual or Constructive Knowledge*

*(1) No evidence of actual knowledge*

29. Plaintiff allegedly slipped on a wet restroom floor."[62] There is no evidence that Wal-Mart actually knew of any water on the floor. Nor is there evidence that Wal-Mart spilled any water. As Plaintiff's counsel put it: "[O]bviously, water on the floor…is a potential hazard in a restroom that can happen. It can come from, you know, people washing their hands and basically water dripping on the floor from their hands."[63] In this case, there is no evidence that any water on the restroom floor more likely dripped from an employee's hands than a customer's hands[64] or that Wal-Mart otherwise created any dangerous condition.

---

[60] *Hammerly Oaks v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997).

[61] ECF 9, Scheduling Order, ¶ 7.

[62] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 7.

[63] Exh. C, Deposition of Josue Villarreal, P. 64, L. 9-14.

[64] As noted above, "evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient." *See* Paragraph 12, above.

**WAL-MART'S MOTION FOR SUMMARY JUDGMENT**            **Page 9**

*(2) No evidence of constructive knowledge*

30. Constructive knowledge of a premises defect can be established only by showing that the defect lasted long enough that it would have been discovered by reasonable inspection.[65] In this case, there is no evidence of how long the water was on the floor.[66] Constructive notice requires evidence of a definite period of time.[67] Further, mere minutes is not enough.[68]

　　*b. No Evidence of Proximate Cause*

31. To establish proximate cause in a personal injury case, the plaintiff must prove that the defendant's conduct caused an event and that this event caused harm.[69] Here, there is no evidence that Plaintiff's alleged injuries resulted from her alleged fall at Wal-Mart rather than one or more prior medical conditions or prior incidents.

32. Plaintiff's prior medical conditions included: sleep apnea,[70] lung issues,[71] heart issues,[72] mid-back issues,[73] lupus,[74] arthritis,[75] and diabetes,[76] and she further was classified as 100%

---

[65] *See* Paragraph 15, above.

[66] Exh. A, Plaintiff's Deposition, P. 22, L. 12-14 ("Q. Do you know how long the water was on the floor? A. No").

[67] *See Wal-Mart v. Reece* at 815 ("The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence").

[68] *See* Paragraph 17, above.

[69] *Kemp v. Havens*, No. 14-05-00060-CV, 2006 WL 1140319, *3 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, no pet.).

[70] Exh. A, Plaintiff's Deposition, P. 11, L. 17-18; P. 12, L. 3-4.

[71] *Id.*, P. 11, L. 9-12.

[72] *Id.*, P. 12, L. 21-25.

[73] *Id.*, P. 16, L. 13-16 ("Q. Prior to the accident at Walmart, did you have any problem with your middle back? A. No. I had it before").

[74] *Id.*, P. 12, L. 6.

disabled years before the Wal-Mart incident.[77] Plaintiff's prior accidents included: two car accidents,[78] a prior fall at Wal-Mart,[79] at least one fall at home, and possibly other falls.[80]

33. Further, it is unclear whether one or more of Plaintiff's alleged injuries may have been associated with a seizure disorder, rather than a slip-and-fall.[81]

34. In addition, beyond symptoms associated with the body parts she claims were injured at Wal-Mart—her head, neck, and mid-back[82]—Plaintiff also claims that after the Wal-Mart incident she became unable to "be among a lot of people,"[83] that she "cannot stay too much time up"[84] and that "[t]he light hurts [her]."[85]

35. Where alleged injuries may have alternative causes, expert testimony is required to

---

[75] *Id.*, P. 11, L. 1-2.

[76] *Id.*, P. 11, L. 3-5.

[77] *Id.*, P. 25, L. 19-23 ("Q. Are you disabled…? A. Yes…. Q. Since what year? A. Like, ten years"); P. 26, L. 10-12 (disability is 100%).

[78] *Id.*, P. 15, L. 15-20.

[79] *Id.*, P. 14, L. 7-9.

[80] *Id.*, P. 14, L. 22—P. 15, L. 14 ("Q. Any other slip and falls that you've had…? .... A. At my house, one of my feet folded….I fractured my ankle….Q. Any other falls that you may have been involved in? A. No. I don't know. I can't remember").

[81] Exh. B, Deposition of Mitchell Williams, P. 79, L. 23-24 ("Q. Did she eventually appear to have a seizure? A. Yes"); P. 92, L. 4-7 ("Q…[S]he was convulsing, correct? A. Yes. Q. Shaking, correct? A. Yes").

[82] Exh. A, Plaintiff's Deposition, P. 4, L. 12-14 ("Q. Tell me about the injuries you suffered as a result of the fall. A. In my head, my neck, and my back"); P. 8, L. 6-8 ("Q. What part of your back hurt?....A. It was like in the middle").

[83] Exh. A, Plaintiff's Deposition, P. 27, L. 18-19 ("I cannot be among a lot of people").

[84] *Id.*, P. 26, L. 13-17 ("Q. What can't you do today that you could do before the accident?....A. I cannot stay too much time up. The light hurts me").

[85] *Id.*.

establish medical causation.[86] That is, the expert must explain why the plaintiff's theory of causation should be accepted over the alternatives.[87] Moreover, conclusory opinions are not evidence.[88] No competent evidence of causation exists in this case.

### c. No Evidence of Lost Earnings or Earning Capacity

36. Plaintiff's pleading alleges that her damages include "Lost earnings and/or earning capacity (past and future)."[89] However, at Plaintiff's deposition, her counsel stated that she is not pursuing such a claim.[90] And in fact there is no evidence to support such a claim—to the contrary, the record reflects that Plaintiff was classified as 100% disabled long before the alleged incident at Wal-Mart.[91]

---

[86] *See Coastal Tankships v. Anderson*, 87 S.W.3d 591, 603 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("[It] was undisputed that [plaintiff's injury] has several possible [medical] causes….accordingly, expert testimony is required"); *Bowler v. Metro. Transit Auth.*, No. 01-06-00553-CV, 2007 WL 1299803, *2 (Tex. App.—Houston [1st Dist.] May 3, 2007, no pet.) ("[E]xpert medical testimony is required when the record identifies more than one cause of the plaintiff's injuries because '[g]eneral experience and common sense simply do not enable a fair understanding of causation under these circumstances'") (citation omitted); *Hamburger v. State Farm*, 361 F.3d 875, 884 (5th Cir. 2004) (federal law governs sufficiency of evidence; state law governs kind that must be produced).

[87] *Galvin v. Eli Lilly*, 488 F.3d 1026, 1031 (D.C. Cir. 2007) (in summary judgment context, "because [movant] presented an alternative [causation] theory, [non-movant]—though she need not disprove that alternative—must give some credible reason…to accept her theory over the alternative").

[88] *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) ("Opinion testimony that is conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact 'more or less probable'"); *Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir. 1998) ("[A]ffidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment"; "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible") (*citing Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991)).

[89] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 11.

[90] Exh. A, Plaintiff's Deposition, P. 4, L. 6-10 ("Q. When was the last time you worked outside of your home?....Mr. Leon: We're not making a wage claim, Laura, just so you know").

[91] Exh. A, Plaintiff's Deposition, P. 25, L. 19-23 ("Q. Are you disabled…? A. Yes…. Q. Since what year? A. Like, ten years"); P. 26, L. 10-12 (disability is 100%).

### 3. No Punitive Damages Claim

37. Plaintiff's pleading mentions "penalties."[92] Although this term is vague and uncertain, to the extent that it may refer to punitive damages, there are no allegations, testimony, or other evidence that: (a) any Wal-Mart employee(s) acted with fraud, malice, or gross negligence, or (b) Wal-Mart itself: (1) authorized or ratified malicious conduct, (2) maliciously hired an unfit employee, or (3) acted with malice through a vice principal. Punitive damages are not available for ordinary negligence,[93] and Plaintiff alleges nothing more than that.[94] Further, there is no evidence of any conduct or mental state that would elevate this to a punitive damages case.

## III. PRAYER

38. Wherefore, because there is no genuine dispute as to any material fact and Wal-Mart is entitled to judgment as a matter of law, Wal-Mart asks the Court to grant this motion, thereby disposing of all of Plaintiff's claims. If summary judgment is not granted on the entirety of Plaintiff's case, Wal-Mart asks that partial summary judgment be granted. Wal-Mart further requests any other relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN,**
**A PROFESSIONAL CORPORATION**
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597

---

[92] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 12.

[93] Tex. Civ. Prac. & Rem. Code § 41.003(b).

[94] ECF 1-1, Exh. A, Plaintiff's Original Petition, ¶ 9-10.

By: __/s/ Laura Enriquez_____
Laura Enriquez
State Bar No. 00795790
enriquez@mgmsg.com

Attorneys for Defendant
WAL-MART STORES TEXAS, LLC

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Carlos A. Leon and Piero Garcia, The Leon Law Firm, P.C., One Sugar Creek Center Blvd., Suite 980, Sugar Land, Texas 77478, cleon@theleonlawfirm.com, pgarcia@theleonlawfirm.com, Attorneys for Plaintiff.

__/s/ Laura Enriquez_____
Laura Enriquez