# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA MEDINA, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-17-CV-00320-DCG |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") "Motion for Summary Judgment" (ECF No. 19) and Magistrate Judge Anne T. Berton's "Report and Recommendation" (ECF No. 30) ("R&R"). Judge Berton recommends that Wal-Mart's motion should be granted. Also, before the Court are Plaintiff Patricia Medina's "Objections to the Magistrate Judge's R&R" (ECF No. 32). For the reasons that follow, the Court accepts Judge Berton's recommendation and grants Wal-Mart's motion.

## I. BACKGROUND

This is a slip-and-fall case. In August 2015, while shopping at a Wal-Mart grocery store, Medina allegedly slipped on a wet restroom floor and suffered serious bodily injuries. In September 2017, she sued Wal-Mart in state court, asserting a claim for premises liability.[1] In October 2017, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction.

---

[1] *See* Pl.'s Orig. Pet. ¶¶ 9–10, ECF No. 1-1. The Court understands Medina as asserting only one claim, and that is for premises liability. *See id.* ¶ 3 ("Plaintiff has brought this action against Defendant to recover personal injury damages she suffered while she was shopping in one of Defendant's retail stores."); Pl.'s Objs. to Magistrate Judge's R&R at 1[hereinafter, cited as Pl.'s Objs. to R&R] ("Plaintiff's claim for personal injury damages against Defendant stems in premises liability."), ECF No. 32; *see also Sampson v. Univ. of Texas at Austin,* 500 S.W.3d 380, 386 (Tex. 2016) ("[T]his Court . . . has consistently treated slip/trip-and-fall cases as presenting claims for premises defects. . . . Creative pleading does not change the nature of a claim.").

In October 2018, Wal-Mart filed the instant motion, *see* Mot. for Summ. J., ECF No. 19, and the parties briefing on the motion was completed by December 10, 2018, *see* Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 23; Wal-Mart's Reply to Pl.'s Resp., ECF No. 24. On December 11, 2018, pursuant to 28 U.S.C. § 636(b)(l)(B), the Court referred the motion to Judge Berton for a report and recommendation. Order Referring Mot., ECF No. 25. After Judge Berton issued her R&R on January 28, 2019, *see* R&R, ECF No. 30, Medina filed her written objections to the R&R, *see* Pl.'s Objs. to R&R. Wal-Mart did not file any objection to the R&R, though it filed its Response to Medina's objections (ECF No. 33). Currently, the case is set for a final pretrial conference and jury trial, respectively, on May 16, and May 20, 2019.

## II. STANDARD

### A. Standard for Reviewing Report and Recommendations

A district court must review a magistrate judge's report and recommendation in light of any objection thereto filed. *See* 28 U.S.C. § 636(b)(1). The Court must conduct a de novo review of any portion to which any party files an objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, the Court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman,* 470 F.3d 1096, 1101 (5th Cir. 2006).

### B. Standard for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable

jury to return a verdict for the non-moving party, and a fact is material if it 'might affect the outcome of the suit.'" *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding whether a genuine dispute as to material fact exists, a trial court considers all of the evidence in the record and "draw[s] all reasonable inferences in favor of the nonmoving party," but "refrain[s] from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotes and citation omitted).

Procedurally, the party moving for summary judgment "'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *EEOC v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014) (brackets omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the nonmoving party will bear the burden of proof at trial, the moving party may satisfy this responsibility by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990); *see also Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) ("[T]he moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." (internal quotes and citation omitted)).

If the moving party succeeds, "the onus shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *EEOC*, 773 F.3d at 694 (internal quotation marks omitted) (citing *Celotex Corp.*, 477 U.S. at 324). However, the nonmoving party "cannot defeat summary judgment with conclusory

allegations, unsubstantiated assertions, or only a scintilla of evidence." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*) (*per curiam*)).

## III. DISCUSSION

For a premises liability defendant to be liable for a plaintiff's injury, the plaintiff must prove that: (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm to the plaintiff; (3) the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) the defendant's failure to use such care proximately caused the plaintiff's personal injuries. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471–72 (Tex. 2017) (brackets, internal quotes, and citation omitted).

"Constructive knowledge is a substitute in the law for actual knowledge," *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000), and it can be established by showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it," *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The "rule in Texas is that temporal evidence, not proximity evidence, is the *sine qua non* of a premises owner's constructive knowledge." *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 315 (5th Cir. 2003) (citing *Reece*, 81 S.W.3d at 816)); *see also id.* at 316 ("Under Texas law, a premises owner's constructive knowledge is predicated on *temporal* evidence because a premises owner is not an insurer of an invitee's safety, and therefore a premises owner must have the opportunity—sufficient time—to 'exercise *reasonable* care to reduce or eliminate the risk.'" (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992))).

In recommending that Wal-Mart's motion should be granted, the magistrate judge made three findings as to the knowledge element. First, there is no genuine dispute of material fact

regarding Wal-Mart's lack of actual knowledge. R&R at 6 (reasoning that Medina conceded that Wal-Mart did not have actual knowledge and failed to advance any argument or evidence to the contrary). Second, Medina's evidence is insufficient to create a genuine dispute of material fact as to whether it is more likely than not that the dangerous condition existed long enough for Wal-Mart to be charged with constructive knowledge. *Id.* at 8–10 (explaining, *inter alia*, that there was no evidence indicating when the water came to be on the floor and therefore, no temporal evidence). Third, and finally, the Texas Supreme Court's holding in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983), that temporal evidence is not required, is not applicable in this case. *Id.* at 10 n.8.

In *Corbin*, under the specific facts of the case, the Texas Supreme Court held that the slip-and-fall plaintiff had "a right to have a jury determine the storeowner's liability, even in the absence of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall." *Corbin*, 648 S.W.2d at 295. The plaintiff's right to recover, the court added, "depends on his showing [the storeowner's] knowledge of the foreseeable harm of some course of conduct or method of operation," but "[h]e is not required to prove . . . knowledge of one specific hazard[.]" *Id.* at 296. In a recent unpublished opinion, the Fifth Circuit held that "*Corbin* applies only to conditions that are dangerous from the inception of their use in contrast to conditions that become dangerous over time, even if they frequently do become dangerous." *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 517 (5th Cir. 2015) (citing *Daenen*, 15 S.W.3d at 101). The magistrate judge relied on *Murray* to reason that Wal-Mart's "'restroom is not a dangerous condition from the inception of its use; it only becomes dangerous over time if not properly maintained,'" R&R at 10 n.8 (quoting *Murray*, 626 F. App'x at 517), and concluded that there is no basis to dispense with the temporal requirement here, *id.*

-5-

In her objections to the R&R, Medina does not address the magistrate judge's first and second findings. Because these findings are not clearly erroneous, the Court adopts them. *See Wilson*, 864 F.2d at 1221, *supra*. However, Medina does object to the magistrate judge's third finding. Specifically, she faults the magistrate judge for "not fully analyz[ing]" the facts in the instant case with the holdings of *Corbin* and its progeny. Pl.'s Objs. at 4. The judge erred, Medina continues, by finding that temporal evidence was required to impute knowledge to Wal-Mart. *Id.* In this Court's view, it need only look to *Corbin* to rule on this objection, and as discussed *infra*, it reaches the same conclusion as did the magistrate judge: The *Corbin* holding dispensing with the temporal requirement is inapplicable here.

The Texas Supreme Court has characterized *Corbin* as "[a]n exceptional case," *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006), and in deciding whether *Corbin* is applicable in a given case, has examined whether the facts of the case are closely analogous to those in *Corbin, see Daenen*, 15 S.W.3d at 101 ("[T]he facts of this case are not congruent with those in *Corbin*."). A threshold inquiry in deciding *Corbin*'s applicability is: what is the alleged "dangerous condition"? *See Taylor*, 222 S.W.3d at 407 ("Taylor argues that the dispenser itself, not just the particular piece of ice on which Taylor slipped, was an unreasonably dangerous condition . . . . Brookshire argues that the ice on which Taylor slipped was the only unreasonably dangerous condition."); *Nat'l Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 521 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("This case turns on whether the dangerous condition was the water on the floor or the iced barrel itself, without any protective mats placed around it.").

That inquiry is critical, as illustrated in *Corbin*. There the plaintiff alleged three dangerous conditions in the defendant's store. Among them were: (1) the "specific grape" on

which he slipped and (2) the self-service display of grapes, in an open, slanted bin above a green linoleum floor, from which the grape may have fallen or been knocked to the floor. *Corbin*, 648 S.W.2d at 296. As to the specific grape, the court held that temporal evidence and therefore, a showing of constructive knowledge were required to hold the store liable. *Id.* ("Safeway does not deny the unreasonableness of that risk, but contends Corbin produced no proof of the requisite constructive knowledge. We agree."). As to the self-service display, on the other hand, the court held that the plaintiff could recover without showing constructive knowledge, because there was evidence that the store knew of an unusually high risk associated with its grape display. *Id.* In so holding the court elucidated the difference between the "typical" slip-and-fall case and the case at hand: "In the typical case, the only dangerous condition that is alleged is the specific food item on the floor; that is, there is usually no basis for a claim that the storeowner maintained an unreasonably dangerous method of display that frequently caused such food items to become floor hazards." *Id.* at 297.

Here, Medina alleges that the dangerous condition is the water on the restroom floor on which she slipped. *See* Pl.'s Objs. to R&R at 2 ("When Plaintiff was in the restroom, she slipped and fell on water near the sinks of the restroom."); *id.* at 6 ("Defendant also does not dispute that water on the restroom floor presents a *dangerous condition* to customers." (emphasis added)); Orig. Pet. ¶ 9(a) (" Defendant had a duty to . . . [i]nspect their restroom floors for water or other foreign substances that might be spilled or dropped onto the restroom floors, thereby creating an unreasonably dangerous condition[.]"); *id.* ¶ 9(b) ("Having actual or constructive knowledge of the dropped or spilled foreign substance, . . . ."); *id.* ¶ 10 ("Defendant's managers and/or employees had actual or constructive [knowledge] of the puddle and the danger that it posed to customers[.]"). The water on the floor is like the specific grape in *Corbin.*

Consequently, to prevail against Wal-Mart, Medina must adduce temporal evidence—that it is more likely than not that the water on which she slipped existed on the restroom floor long enough to give Wal-Mart a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 814. As discussed *supra*, the Court has adopted the magistrate judge's finding that there is no temporal evidence and therefore, there is not a genuine dispute of material fact necessary to satisfy the temporal element. R&R at 10.

Moreover, in her objections to R&R, Medina, for the first time, says that Wal-Mart "was aware that *the way the restroom was set up* was a problem that created a frequent risk of injury," Pl.'s Objs. at 7 (emphasis added), but she has failed to adduce any evidence to show "how" and "in what way" the restroom was set up—so that the restroom may be analogous to the self-service display in *Corbin*. *See Liquid Air Corp.*, 37 F.3d at 1075 (The non-movant's "burden is not satisfied . . . by conclusory allegations . . . [or] by unsubstantiated assertions[.]"); *cf. Taylor*, 222 S.W.3d at 408 ("No evidence suggests that the soft drink dispenser was set up in such a way that ice on the floor was a greater danger than one would ordinarily encounter with such dispensers, or that customers, though prone to spills, were any more prone around this dispenser.").

Consequently, the Court accepts the magistrate judge's R&R[2] and grants Wal-Mart's motion. *See Bendigo v. City of Houston*, 178 S.W.3d 112, 116 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("Bendigo's reliance on *Corbin* is misplaced. First, Bendigo's failure to provide evidence of Burns Management's actual or constructive knowledge of the cup is similar to the customer in *Corbin* failing to provide evidence of the store's knowledge of the grape—in both instances, the lack of knowledge is fatal. Moreover, unlike the customer in *Corbin*, Bendigo did

---

[2] The magistrate judge also made additional findings as to the causation element of premises liability cause of action. R&R 11–12. Because the Court's ruling on the knowledge element is dispositive in this case, it expresses no opinion as to those additional findings.

not provide evidence that Burns Management caused the cup to be on the floor or that the stairwell itself was a dangerous condition.").

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Magistrate Judge Anne T. Berton's "Report and Recommendation" (ECF No. 30) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant Wal-Mart Stores Texas, LLC's "Motion for Summary Judgment" (ECF No. 19) is **GRANTED** and therefore, that Plaintiff Patricia Medina's claim asserted against Defendant is **DISMISSED WITH PREJUDICE**.  Final Judgment will issue on this date in accordance with this Memorandum Opinion and Order.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk **SHALL CLOSE** this case after docketing the Final Judgment.

So **ORDERED** and **SIGNED** this 29ᵗʰ day of March 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE